UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves*, and Seth Reaves,<br><br>PLAINTIFFS<br><br>    v.<br><br>Pedro Manuel Guelho, Collateral Recovery Solutions, Inc., Collateral Recovery Solutions *d/b/a/* 128 East Industrial Blvd., Florence, S.C., Santander Consumer USA, Mullins Police Department,<br><br>DEFENDANTS | Case No. 4:22-cv-02799-TLW<br><br><br>**Order** |

Plaintiff Kathy Reaves and her son, Seth Reaves (collectively "Plaintiffs"), proceeding *pro se* and *in forma pauperis,* filed this civil action against the above-named defendants. ECF No. 1. Plaintiffs' claims arise out of the August 2022 repossession of Plaintiff Seth Reaves' Hyundai vehicle. *Id.* Plaintiffs purport to bring their suit pursuant to 28 U.S.C § 1331; 28 U.S.C § 1332; the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1681 *et seq.*; the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227; the Invasion of Privacy Act, the False Claims Act, 31 U.S.C § 3729; common law conversion, the Fourteenth Amendment, and various provisions of the South Carolina Constitution. *Id*

Plaintiffs' complaint was referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). The magistrate judge reviewed Plaintiffs' complaint pursuant to 28 U.S.C. § 1915, which

directs the court to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, as well as when the complaint seeks monetary relief from a defendant who is immune from such relief.[1] Accordingly, the magistrate judge filed a Report and Recommendation ("Report"), ECF No. 8, recommending that this Court dismiss Plaintiffs' complaint with prejudice and without service of process.

The matter now comes before the Court for review of the Report filed by the magistrate judge. In the Report, the magistrate judge recommends that Plaintiffs' complaint be summarily dismissed because (1) the majority of the allegations in Plaintiffs' 29-page complaint are largely irrelevant and unrelated to Plaintiffs' purported claims; (2) Plaintiffs' have failed to allege a violation of federal bankruptcy laws because Plaintiffs' vehicle was not under any stay to prevent repossession;[2] (3) federal district court is not the proper forum to reassert claims already addressed in bankruptcy court; (4) there is not an applicable private right of action under the Telephone Consumer Protection Act; (5) Plaintiffs' common law and state constitutional claims are subject to dismissal because Plaintiffs have failed to state a claim garnering federal question jurisdiction pursuant to § 1331; and (6) Plaintiffs' common law and state constitutional claims are subject to dismissal because Plaintiffs have failed to state a claim garnering diversity jurisdiction pursuant to §

---

[1] The magistrate judge took this step because "Plaintiff has filed actions in this court subject to summary dismissal for frivolity[.]" ECF No. 8 at 6 n.2.

[2] The Court notes that the magistrate judge made this determination after thoroughly and comprehensively reviewing the relevant bankruptcy docket in both the bankruptcy court and in the United States Court of Appeals for the Fourth Circuit.

1332 because complete diversity does not exist and Plaintiffs have failed to plausibly allege the jurisdictional amount in controversy. *Id.* at 2–6. Plaintiffs did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 8, is **ACCEPTED**. This matter is **DISMISSED WITH PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**.

**IT IS SO ORDERED**.

                                           *s/ Terry L. Wooten*
                                           Terry L. Wooten
                                           Senior United States District Judge

November 17, 2022
Columbia, South Carolina